UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| DOUGLAS BUSBY, | ) |  |  |
|---|---|---|---|
| Plaintiff, | ) |  |  |
| v. | ) | No. | 1:24-CV-285-MJD |
| DANIEL APONTE,[1] | ) |  |  |
| Defendant. | ) |  |  |

## MEMORANDUM & ORDER

Plaintiff, a Tennessee Department of Correction ("TDOC") prisoner housed in the Bledsoe County Correctional Complex ("BCCX") proceeding pro se, filed this action pursuant to 42 U.S.C. 1983. The action proceeded only as to his Eighth Amendment claim against Defendant Aponte [Doc. 8 at pp. 3–5]. Now before the Court is Defendant Aponte's motion for summary judgment on the ground that Plaintiff failed to exhaust his available administrative remedies prior to filing this action [Doc. 16], in support of which he filed a memorandum [Doc. 17], a statement of material facts [Doc. 18], and various exhibits [Doc. 18-1]. While Plaintiff did not timely file a response to this motion with the Court, he instead sent that response to Defendant Aponte, who filed it with the Court [Doc. 22-1]. Defendant Aponte also filed a reply [Doc. 22] with a supplemental affidavit [Doc. 22-2] and a motion requesting a status conference [Doc. 26].

The record establishes Plaintiff failed to exhaust his available administrative remedies for his claim proceeding herein prior to filing this action, as the Prison Litigation Reform Act

---

[1] While Plaintiff named this Defendant as "Cpl. Aponte" and "Aponte" in his complaint [Doc. 1 p. 1, 2], this Defendant's motion for summary judgment indicates that his name is Daniel Aponte [Doc. 16 p. 1]. Accordingly, the Clerk is **DIRECTED** to update this Defendant's name on the Court's docket.

("PLRA") requires. Accordingly, Defendant Aponte's motion for summary judgment [Doc. 16] will be **GRANTED**, Defendant Aponte's motion for a status conference [Doc. 26] will be **DENIED as moot**, and this action will be **DISMISSED**.

In addition, the Court notes Plaintiff filed a document stating he needs blank subpoena forms "for the footage of the complaint that happened on 2-16-24" [Doc. 27 at Page ID # 140]. To the extent Plaintiff intended that this document be construed as a motion, it will also be **DENIED as moot**.

**I.      STANDARD**

Rule 56(a) of the Federal Rules of Civil Procedure provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." In ruling on a motion for summary judgment, the court must draw all reasonable inferences in favor of the nonmoving party. *McLean v. 988011 Ontario Ltd.*, 224 F.3d 797, 800 (6th Cir. 2000). As such, the moving party has the burden of conclusively showing the lack of any genuine issue of material fact. *Smith v. Hudson*, 600 F.2d 60, 63 (6th Cir. 1979). To successfully oppose a motion for summary judgment, "the non-moving party . . . must present sufficient evidence from which a jury could reasonably find for him." *Jones v. Muskegon Cnty.*, 625 F.3d 935, 940 (6th Cir. 2010).

Failure to exhaust is an affirmative defense for which a defendant bears the burden of proof. *Surles v. Andison*, 678 F.3d 452, 458 (6th Cir. 2012). Accordingly, when a defendant in a prisoner civil rights action moves for summary judgment on exhaustion grounds, he "must show that the record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free to disbelieve it." *Id.* at 455–56 (citations and internal quotation marks omitted). Once a defendant has demonstrated that the plaintiff did not

exhaust an available administrative remedy, "the burden shifts to the prisoner to come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." *Albino v. Baca*, 747 F.3d 1162, 1172 (9th Cir. 2014) (citation omitted); *see also Napier v. Laurel Cnty., Ky.*, 636 F.3d 218, 225–26 (6th Cir. 2011) (finding once defendants put forth evidence of a valid administrative process, plaintiff must present evidence to rebut the availability of that remedy to defeat motion for summary judgment).

## II. BACKGROUND

Plaintiff's unsworn complaint[2] alleges that on February 16, 2024, Defendant Aponte used excessive force against him in a manner that caused him injuries [Doc. 1 at p. 3].

However, with his motion for summary judgment, Defendant Aponte filed sworn proof from the BCCX Grievance Chairperson Ariel Mace that the BCCX has no record of any grievance from Plaintiff [Doc. 18-1 at pp. 1–3, 40]. Defendant Aponte also filed the applicable TDOC grievance policies and procedures which provide, in relevant part, that prisoners must pursue a three-level appeal process to exhaust their available administrative remedies, and that if the prisoner does not receive a timely response to a grievance at any level, he "may move the grievance to the next stage of the process, unless" he agreed in writing to an extension of time for that response. [*See id.* at pp. 7–8].

---

[2] As Plaintiff's complaint and response in opposition to Defendant Aponte's motion for summary judgment are not sworn, the Court does not consider them evidence for summary judgment purposes. *El Bey v. Roop*, 530 F.3d 407, 414 (6th Cir. 2008) (providing a sworn complaint "carries the same weight" as an affidavit for purposes of summary judgment); *Dole v. Elliot Travel & Tours, Inc.*, 942 F.2d 962, 968–69 (6th Cir. 1991) (providing that a court may not consider unsworn statements in evaluating a motion for summary judgment). Accordingly, the Court only summarizes Plaintiff's claim as set forth in his complaint as background.

3

In his unsworn response to Defendant Aponte's summary judgment motion, Plaintiff asserts in relevant part that (1) he filed a grievance regarding the incident underlying his complaint to which he did not receive a response; and (2) he also filed other grievances at the BCCX [Doc. 22-1 at pp. 1–2]. To support these assertions, Plaintiff filed various grievance documents from September and October of 2023, many of which are signed by BCCX Grievance Chairperson Ariel Mace. [*Id.* at pp. 3–10].

But in his reply, Defendant Aponte asserts in relevant part that (1) the BCCX has no record of Plaintiff filing a grievance regarding the incident underlying his complaint; (2) Plaintiff did not properly file any of the grievances referenced in the grievance documents Plaintiff attached to his response and failed to correct the improprieties in the grievances after prison officials rejected those grievances, so prison officials did not log those grievances in his BCCX grievance record pursuant to TDOC policy; and (3) none of the grievance documents attached to Plaintiff's response address the incident at issue in his complaint [Doc. 22 at pp. 1–4]. To support these assertions, Defendant Aponte filed a supplemental affidavit from BCCX Grievance Chairperson Ariel Mace and additional BCCX grievance documents from Plaintiff in September and October of 2023 [Doc. 22-2].

### III.   ANALYSIS

Defendant Aponte has established that Plaintiff failed to exhaust his administrative remedies for his claim proceeding herein prior to filing this action. The PLRA provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). This statute requires "proper exhaustion" of administrative remedies. *Woodford v. Ngo*, 548 U.S. 81, 93 (2006).

To properly exhaust his claims, a prisoner must utilize every step of the prison's procedure for resolving his grievance and follow the "critical procedural rules" in a manner that allows prison officials to review and, where necessary, correct the issues set forth in the grievance "on the merits." *Troche v. Crabtree*, 814 F.3d 795, 798 (6th Cir. 2016) (quoting *Reed-Bey v. Pramstaller*, 603 F.3d 322, 324 (6th Cir. 2010)); *see also Woodford,* 548 U.S. at 92 ("Proper exhaustion demands compliance with an agency's deadlines . . . because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings."). "There is no uniform federal exhaustion standard [and a] prisoner exhausts his remedies when he complies with the grievance procedures put forward by his correctional institution." *Mattox v. Edelman*, 851 F.3d 583, 590 (6th Cir. 2017).

As set forth above, Defendant Aponte originally filed sworn proof that Plaintiff filed no grievances during his incarceration in the BCCX [Doc. 18-1]. However, after Plaintiff filed documents indicating that he filed BCCX grievances in September and October of 2023 [Doc. 22-1 at pp. 2–10], Defendant Aponte filed supplemental proof that (1) prison officials rejected the BCCX grievances Plaintiff attempted to file as improper, Plaintiff never corrected the underlying improprieties of those grievances, and prison officials therefore did not log those grievances in Plaintiff's BCCX grievance record pursuant to TDOC policy; (2) none of the BCCX grievances Plaintiff attempted to file referenced the incident underlying his complaint; and (3) the BCCX has no record of Plaintiff filing any grievance regarding the incident underlying the complaint [Doc. 22-2 at pp. 1–17].

Thus, it is apparent that Defendant Aponte's original sworn proof from the BCCX Grievance Chairperson Ariel Mace indicating that Plaintiff did not file any BCCX grievances was somewhat incomplete, as it omitted the fact that Plaintiff had filed grievances during his BCCX

5

incarceration that BCCX officials rejected as improper. However, as the undisputed proof in the record indicates that Plaintiff never filed any BCCX grievance regarding the incident underlying his complaint, which is the relevant issue before the Court, this omission does not create a genuine issue of material fact that precludes the Court from granting Defendant Aponte's motion for summary judgment.

Moreover, the undisputed evidence in the record establishes that no reasonable jury could find that Plaintiff exhausted his available administrative remedies for his claim proceeding herein prior to filing this action. Specifically, Defendant Aponte has filed sworn proof that the BCCX does not have any record of such a grievance [Doc. 18-1 at pp. 1–3; Doc. 22-2 pp. 1–2]. Moreover, while Plaintiff states in his unsworn response to Defendant Aponte's motion for summary judgment that he did file such a grievance, the Court cannot consider this statement for purposes of summary judgment. *Dole*, 942 F.2d at 968–69. But even if the Court could consider Plaintiff's statement that he filed a grievance regarding the incident underlying his complaint for purposes of summary judgment, Plaintiff does not state that he pursued any such grievance through the next steps of the grievance process after he did not receive a timely response to it, as the TDOC policies and procedures allowed him to do [Doc. 18-1 at pp. 7–8].

Accordingly, no reasonable jury could find that Plaintiff exhausted his available administrative remedies for the claim underlying his complaint prior to filing this action, as the PLRA requires, and Defendant Aponte is entitled to summary judgment.

## IV. CONCLUSION

For the foregoing reasons, the Clerk is **DIRECTED** to update Defendant Aponte's name to Daniel Aponte on the Court's docket, Defendant Aponte's motion for summary judgment [Doc. 16] is **GRANTED**, Defendant Aponte's motion for a status conference [Doc. 26] and Plaintiff's

6

Case 1:24-cv-00285-MJD   Document 28   Filed 02/25/25   Page 6 of 7   PageID #: 157

motion at Docket No. 27 are **DENIED as moot**, and this action is **DISMISSED without prejudice**. Also, the Court **CERTIFIES** that any appeal from this decision would not be taken in good faith. As such, this Court will **DENY** Plaintiff leave to proceed *in forma pauperis* on any subsequent appeal.

      **AN APPROPRIATE JUDGMENT ORDER WILL ENTER.**

      **ENTER:**

/s/ _____
MIKE DUMITRU
UNITED STATES MAGISTRATE JUDGE